# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

May 9, 2008

Benjamin Levine
111 Dunnell Road
Maplewood, NJ 07040

    (*Counsel for Plaintiff*s)

Frederick Benno Polak
Post, Polak, Goodsell, Macneill & Strauchler, PA
425 Eagle Rock Avenue
Suite 200
Roseland, NJ 07068-1717

Julia Sandra Epstein
Post, Polak, Goodsell, Macneill & Strauchler, PA
425 Eagle Rock Avenue
Suite 200
Roseland, NJ 07068-1717

    (*Counsel for Defendants*)

    **RE:**    **Outlaw v. Dow**
             **Civ. No. 07-5067 (WJM)**

Dear Counsel:

    This letter is in response to the motion to dismiss filed by Defendants Essex County Prosecutor's Office and Paula Dow, in her individual capacity and in her capacity as the Essex County Prosecutor. The motion is **GRANTED** in part and **DENIED** in part.

Plaintiffs have sued, inter alia, (1) Defendant Paula Dow, Essex County Prosecutor, in both her individual and official capacities, and (2) Defendant Essex County Prosecutor's Office. Plaintiffs allege claims under 42 U.S.C. § 1983 and New Jersey law, including claims for malicious prosecution.

Defendants Paula Dow, in both her individual and official capacities, and the Essex County Prosecutor's Office now move to dismiss all claims against them.

Defendants argue that the Court should dismiss the § 1983 claims against Dow in her official capacity and against the Essex County Prosecutor's Office since they are actually claims against the State of New Jersey. They are correct. The Eleventh Amendment generally bars suits against the state. Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238 (3d Cir. 2005). The § 1983 claims against the Essex County Prosecutor's Office are essentially against the State of New Jersey because they are based on actions taken in its role as a State investigator, rather than administrative actions—as Plaintiffs ultimately concede—and a suit against Dow in her official capacity is merely another form of suit against the Prosecutor's Office. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Carter v. City of Phila., 181 F.3d 339, 352 (3d Cir. 1999). Accordingly, these claims are barred by the Eleventh Amendment and must be dismissed.

Defendants argue that the Court should dismiss the § 1983 claims against Dow in her individual capacity since she has absolute immunity from claims based on acts within her role as a State prosecutor. While Defendants are correct that Dow has absolute immunity against claims based on prosecutorial acts intimately associated with the judicial phase of the criminal process, Carter, 181 F.3d at 356, it is unclear at this point exactly what actions Dow may have taken to violate Plaintiffs' federal rights. Accordingly, viewing all facts favorably to Plaintiffs, the Court cannot now dismiss the § 1983 claims against Dow in her individual capacity.

Defendants also argue that the Court should dismiss the § 1983 claims against Dow in her individual capacity since the complaint does not claim that Dow had any personal involvement in the allegedly unlawful acts complained above. But Plaintiffs do allege, if only in their opposition to this motion, that Dow herself took actions that may have violated Plaintiffs' federal rights, so the Court is again unable to dismiss the § 1983 claims against Dow in her individual capacity.

Defendants Dow, in both capacities, and the Essex County Prosecutor's Office argue that the Court should dismiss the state law claims against them because Plaintiffs have failed to file a proper notice of these claims within the time period required by the New Jersey Tort Claims Act. But Defendants allege that they have filed a proper notice of claims. Viewing the facts favorably to Plaintiffs, the Court cannot dismiss Plaintiffs' state law claims on this basis.

Finally, Defendants Dow, in both capacities, and the Essex County Prosecutor's Office argue that the Court should dismiss Plaintiffs' malicious prosecution claims because while Plaintiffs may have been arrested, they were never subject to criminal charges. Defendants are

correct that Plaintiffs cannot maintain a malicious prosecution claim if they were never subject to at least some form of underlying adjudicatory proceeding.  Long v. Lewis, 723 A.2d 1238, 1240 (N.J. Super. Ct. App. Div. 1999).  Accordingly, the Court must now dismiss Plaintiffs' malicious prosecution claims.

In conclusion, Plaintiffs' § 1983 claims against Defendants Essex County Prosecutor's Office and Paula Dow—in her official capacity only—are **DISMISSED WITH PREJUDICE**, and Plaintiffs' malicious prosecution claims against Defendants Essex County Prosecutor's Office and Paula Dow—in both her individual and official capacities—are **DISMISSED WITH PREJUDICE**.  An Order accompanies this Letter Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**